**FILED**

SEP 2 4 2014

DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 1:14CR 105

PERRY E. KNOWLES and BRIAN KEITH SAWYER   18 U.S.C. § 371
16 U.S.C. § 470ee

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

From on or about March 12, 2012, to on or about March 13, 2012, in the Northern District of Mississippi and elsewhere, PERRY E. KNOWLES and BRIAN KEITH SAWYER, defendants, did knowingly and willfully conspire and agree together and with each other and with other individuals both known and unknown to the Grand Jury, to knowingly and unlawfully purchase, exchange, transport, and receive one or more archaeological resources that had been excavated and removed from public land in violation of the provisions of Title 16, United States Code, Section 470ee(a), wherein the commercial and archaeological value of the archaeological resources involved and the cost of restoration and repair of such resources exceeds the sum of $500.

During and in furtherance of the conspiracy and to effect the objects of the conspiracy, at least one of the co-conspirators committed at least one of the following overt acts:

(a) On or about March 11, 2012, Marty Dean Kennedy, Jerome Daniel Young, and Jason Mark Lawrence, co-conspirators not named as defendants herein, excavated and removed Indian artifacts from an Indian burial mound located on United States Corps of Engineer property in Monroe County, Mississippi, adjacent to the Tennessee-Tombigbee Waterway.

(b) On or about March 13, 2012, PERRY E. KNOWLES and BRIAN KEITH SAWYER purchased, exchanged, transported, and received and did offer to purchase and exchange from Marty Dean Kennedy and Jerome Young one or more archaeological resources that had been excavated and removed from public land by Kennedy, Young, and Jason Mark Lawrence.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about March 13, 2012, in the Northern District of Mississippi, PERRY E. KNOWLES and BRIAN KEITH SAWYER, defendants, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly and unlawfully purchase, exchange, transport, and receive and did offer to purchase and exchange one or more archaeological resources that had been excavated and removed from public land in violation of the provisions of Title 16, United States Code, Section 470ee(a), wherein the commercial and archaeological value of the archaeological resources involved and the cost of restoration and repair of such resources exceeds the sum of $500, all in violation of Title 16, United States Code, Section 470ee(b) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 16, United States Code, Section 470gg(b) and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses in violation of 16 U.S.C. § 470ee set forth in Counts One and Two of this Indictment (including conspiracy to violate 16 U.S.C.

§ 470ee as set forth in Count One), defendants PERRY E. KNOWLES and BRIAN KEITH SAWYER shall forfeit to the United States pursuant to 16 U.S.C. § 470gg(b) and 28 U.S.C. § 2461(c) all archaeological resources obtained or removed from the land by the defendants or other co-conspirators in violation of the aforesaid statutes and any articles, devices, and other things possessed or used in violation of 16 U.S.C. § 470ee.

If any of the forfeitable property described above, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

All pursuant to 16 U.S.C. § 470gg(b) and 28 U.S.C. § 2461(c).

A TRUE BILL

_Felix C. Cad_____      _/s/ Signature Redacted_____
UNITED STATES ATTORNEY     FOREPERSON