UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.   CRIMINAL NO.   1:14-CR-105-DMB-DAS

PERRY E. KNOWLES and BRIAN KEITH SAWYER

## MOTION FOR HEARING TO EXPLORE POTENTIAL CONFLICT OF INTEREST

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and files this Motion for Hearing to Explore Potential Conflict of Interest regarding defense counsel's dual representation of the defendants, and would show unto the court as follows:

The indictment in this case charges that defendants Perry Knowles and Brian Keith Sawyer conspired to purchase archaeological resources that had been excavated and removed from public land in violation of the law. A substantive count further charges each defendant with aiding and abetting each other in purchasing archaeological resources that had been obtained in violation of the law. Each defendant has retained the law firm of Wheeler and Franks to represent him. While James R. Franks, Jr., is officially counsel of record, his law partner, Bill Wheeler, has also met with undersigned counsel for the government on behalf of the defendants.

Rule 44(c) of the Federal Rules of Criminal Procedure makes it incumbent upon the Court to inquire with respect to a potential conflict of interest arising out of joint representation and the Fifth Circuit has directed prosecutors to alert the Court to issues involving Rule 44(c). *See United*

*States v. Holley*, 826 F.2d 331, 333 (5th Cir. 1987) ("...careful government counsel should ordinarily wish to draw a Court's attention to Rule 44(c)"). Rule 44(c) directs the Court to "promptly inquire about the propriety of joint representation and … personally advise each defendant of the right to the effective assistance of counsel." Fed. R. Crim. P. 44(c)(2). "Unless there is *good cause* to believe that no conflict of interest is likely to arise, the court *must take appropriate measures* to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2) (emphasis added).

In *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006), the Fifth Circuit described the procedure for evaluating whether an impermissible conflict of interest exists in a criminal case:

> The Sixth Amendment right to counsel includes the "right to representation that is free from any conflict of interest." *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir.1993). "A conflict exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir.1985). If a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct what is commonly known as a "*Garcia* hearing" to ensure a valid waiver by the defendant of his Sixth Amendment right. *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975), abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 263 & n. 2, 104 S. Ct. 1051, 79 L.Ed.2d 288 (1984). During the hearing, the district court must "ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir.1992). A district court need only conduct a *Garcia* hearing if there is an actual conflict of interest. *Carpenter*, 769 F.2d at 263.

In *United States v. Salado*, 339 F.3d 285 (5th Cir. 2003), the Fifth Circuit reviewed a post-conviction appeal centered on an alleged conflict of interest due to dual representation of co-defendants. During pre-trial proceedings, apparently at the initial appearance when two of the

defendants informed the court of their intention to hire the same counsel, the Magistrate Judge informed the defendants of the risks inherent in being represented by the same attorney. *Salado*, 339 F.3d at 289. Among the many risks outlined by the Magistrate Judge, the defendants were informed that:

> There are potential dangers for each defendant when he is represented by counsel with a conflict of interest from representing two or more defendants in the same case. For example, the Government might offer to recommend a lesser sentence to one defendant if he cooperates with the Government. His lawyer should advise him whether or not to accept the offer. If a lawyer advised to accept, his cooperation may harm the case of the other defendant whom the lawyer also represents.

*Salado*, 339 F.3d at 289. For various reasons, the Fifth Circuit found that the warnings of the Magistrate Judge were insufficient to comply with the mandates of *Garcia* and Rule 44(c). *Id.*, at 291. Nevertheless, the warnings of the Magistrate Judge were accurately stated and illustrate the type of warnings to be issued in a *Garcia* hearing. In particular, the language cited above illustrates one of the specific potential conflicts that exists by the dual representation of Knowles and Sawyer. An attorney has an affirmative duty to present all plea offers to his client, yet in a conspiracy case, an offer to plead guilty and cooperate against other defendants is detrimental to the interests of those other defendants. It puts the attorney attempting dual representation in an untenable position. While the defendants may proceed if they have entered into a valid waiver of any potential conflict of interest, it is incumbent upon the Court under the provisions of Rule 44(c) to make appropriate inquiry to ensure that any waiver executed by the defendants is knowing and valid.

The government respectfully requests that the Court conduct a *Garcia* hearing in order to ensure that Perry Knowles and Brian Keith Sawyer are aware that a potential conflict of interest

exists if they choose to be represented by the same counsel, to ensure that they realize the potential hazards of the conflict to their defense, and to ensure they are aware of their right to obtain other counsel. It is the government's position that such a hearing is necessary in order to comply with the requirements of Rule 44(c) of the Federal Rules of Criminal Procedure and the Sixth Amendment right to conflict-free counsel.

                                                            Respectfully submitted,
                                                            FELICIA C. ADAMS, MS Bar 1049
                                                            United States Attorney

By:     _/s/ Robert J. Mims_____
             ROBERT J. MIMS, MS Bar #9913
             Assistant United States Attorney
             Ethridge Professional Building
             900 Jefferson Avenue
             Oxford MS 38655-3608
             Telephone 662/234-3351

## CERTIFICATE OF SERVICE

I, Robert J. Mims, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **Motion for Hearing to Explore Potential Conflict of Interest** with the Clerk of the Court using the ECF system which sent notification of such filing to:

    Honorable James R. Franks, Jr.
    jfranks@wheelerfrankslaw.com                        (electronic notice only)

    This the 4th day of September, 2015.

                                                  _/s/ Robert J. Mims_____
                                                    ROBERT J. MIMS
                                           Assistant United States Attorney